DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Tong Vang has appealed from his convictions in the Summit County Court of Common Pleas of rape and gross sexual imposition. This Court affirms.
 I {¶ 2} On August 22, 2005, Defendant-Appellant Tong Vang was indicted in the Summit County Court of Common Pleas on one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; and one count of gross sexual imposition, in violation of R.C.2907.05(A)(4), a felony of the third degree. On April 3, 2006, a jury trial commenced. On April 5, 2006, the jury returned guilty verdicts on both counts alleged in the indictment. On April 11, 2006, the trial court sentenced Appellant to life imprisonment for the rape conviction and one year incarceration for the gross sexual imposition conviction. The trial court ordered the sentences to be served concurrently.
 {¶ 3} Appellant has timely appealed, asserting two assignments of error. The assignments of error have been consolidated for ease of consideration.
 II First Assignment of Error "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED THE DEFENSE MOTIONS FOR ACQUITTAL UNDER RULE 29 BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT A CONVICTION."
 Second Assignment of Error "DUE PROCESS IS DENIED AN ACCUSED WHERE THE CONVICTION HAS BEEN OBTAINED UPON EVIDENCE INSUFFICIENT AS A MATTER OF LAW."
 {¶ 4} In his assignments of error, Appellant has argued that his convictions were against the manifest weight of the evidence and were based upon insufficient evidence. Specifically, Appellant has argued that there was a lack of physical evidence to support the rape conviction. This Court disagrees.
 {¶ 5} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 7} Appellant was convicted of rape, in violation of R.C.2907.02(A)(1)(b) which provides:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
Sexual conduct is defined as:
 "[V]aginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).
Appellant was also convicted of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which provides:
 "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
Sexual contact is defined as:
 "[A]ny touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 8} It is undisputed that the victim was eleven years old at the time of the rape. Therefore, the only remaining issue is whether Appellant engaged in sexual conduct with the victim. The evidence of sexual conduct is overwhelming in this case. The victim in this case testified to the following: that Appellant massaged her neck and worked his way down her back until he was touching her "bottom." Appellant then unzipped his pants, grabbed her hand and placed it on his penis. Appellant then attempted to insert his penis into her vagina, but she closed her legs tightly. Appellant pried her legs open and inserted his penis into her vagina.
 {¶ 9} Most damaging to Appellant's argument is the DNA evidence submitted by the State. The Ohio Bureau of Criminal Investigation ("BCI") obtained a sample of semen and sperm from the victim's panties. BCI identified DNA from the sperm sample and compared it to a buccal swab taken from Appellant. BCI reported that Appellant could not be excluded as the source of the semen and that the particular DNA profile found would occur in 1 in 33 sextillion 940 quintillion individuals. According to BCI forensic scientist Lynda Eveleth, such a profile is "very, very rare." An independent DNA test, conducted at Appellant's request, was consistent with results obtained by BCI.
 {¶ 10} On appeal, Appellant has solely argued that the victim's medical examination revealed no physical findings consistent with rape. Appellant has argued that had he actually engaged in sexual conduct with the eleven year old child, there would have been trauma to the victim's vagina. Appellant has argued that Donna Abbott, the CARE nurse practitioner who examined the victim, testified that there were no tears, abrasions, scars, or disruptions to the victim's genitalia. Ms. Abbott also testified that the victim's hymen was intact. Appellant has argued that this testimony, specifically that of the intact hymen, precludes a finding of penetration and thus, sexual conduct. This argument is unpersuasive.
 {¶ 11} Initially, we must note that Ms. Abbott testified that her medical exam established that the victim had entered puberty at nine years old and that by age eleven, she had the body of an adult woman. Specifically, Ms. Abbot testified that the victim's genital area had matured to the point that penetration would not cause trauma in and of itself. Essentially, Ms. Abbott testified that she would not expect to find vaginal trauma in a post-pubescent girl because the mature body allows for things like penetration and childbirth.
 {¶ 12} With regard to the victim's intact hymen, Ms. Abbott testified that the breaking or rupturing of the hymen upon initial penetration is an "old wives' tale" and that it just doesn't happen. Further, R.C.2907.01(A) clearly states that even the slightest penetration is sufficient to complete vaginal intercourse. Accordingly, a reasonable juror could find that penetration and an intact hymen are not mutually exclusive.
 {¶ 13} After a thorough review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the jury clearly lost its way when it found Appellant guilty of rape and gross sexual imposition.[1] There is overwhelming evidence of Appellant's guilt in this case, specifically the DNA evidence obtained by BCI and corroborated by an independent laboratory. Further, the jury was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Appellant's convictions were not against the manifest weight of the evidence because the jury chose to believe the testimony of the victim and several BCI scientists and not that of Appellant. State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at *2.
 {¶ 14} Based on the foregoing, this Court cannot find that Appellant's convictions were against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency." Roberts, supra at *4. Accordingly, having found that Appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Accordingly, we find that Appellant's first and second assignments of error are without merit.
 III {¶ 15} Appellant's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. MOORE, J. CONCUR.
[1] This Court notes that our conclusions concerning the rape conviction necessarily encompass the gross sexual imposition conviction as vaginal intercourse satisfies the definition of sexual contact.