DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Tong Vang, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On April 4, 2006, a jury convicted Vang of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree and gross sexual imposition, in violation of R.C. 2907.05(A)(4). Because Vang's victim was eleven years old, his rape conviction carried a specification that the rape was committed with force. On April 11, 2006, the trial court sentenced Vang to life imprisonment for the rape conviction and one year incarceration for the gross sexual imposition conviction, which were to be served concurrently. Vang timely appealed to this Court and we affirmed his convictions. See State v. Vang, 9th Dist. No. 23206,2007-Ohio-46. *Page 2 
 {¶ 3} On September 18, 2007, Vang filed a pro se "Motion to Reopen Direct Appeal" which this court subsequently denied. With the assistance of counsel, Vang then filed an "Application for Reopening Appeal" pursuant to App. R. 26(B), which was denied by this Court on October 29, 2007.
 {¶ 4} On July 7, 2008, Vang filed a "Petition to Vacate or Set Aside Sentence Pursuant to Ohio Revised Code § 2953.21" in the Summit County Court of Common Pleas and requested an evidentiary hearing. The State filed a memorandum in opposition to Vang's Petition. On July 22, 2008, the trial court denied Vang's Petition. On August 20, 2008, Vang filed a notice of appeal with this Court. Vang asserts three assignments of error which have been combined for ease of analysis.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN DISMISSING APPELLANT VANG'S PETITION WHEREIN HE SET FORTH THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE THAT WAS THE BASIS FOR THE POST-CONVICTION PETITION." Assignment of Error Number Two "THE TRIAL COURT ERRED IN DISMISSING APPELLANT VANG'S PETITION WITHOUT FIRST HOLDING A HEARING TO DETERMINE WHETHER HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE." Assignment of Error Number Three
"APPELLANT VANG WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 5} In his first assignment of error, Vang argues that he was unavoidably prevented from timely filing a post conviction petition because of his inability to understand English and the legal process. He argues that these barriers were further complicated by the fact that he was *Page 3 
represented by the same counsel at his trial and in his direct appeal. Thus, Vang would not have expected counsel to raise his own ineffectiveness on appeal or to advise him that he should file a petition for post-conviction relief ("PCR") based on ineffective assistance and errors at trial.
 {¶ 6} In his second assignment of error, Vang argues that the trial court erred in denying his PCR petition without a hearing because he set forth the aforementioned allegations with specificity and supported those allegations with an affidavit and trial documents which he argues provide him with substantive grounds for relief. Vang stated in his affidavit that he required the assistance of an interpreter at his arraignment and that he repeatedly told his attorney that he needed an interpreter at trial. He further asserted that he instructed his trial counsel to call the victim's mother to corroborate his testimony that he had consensual sex with her, not the victim, that night. Vang argues that the clothing worn by the mother was placed in the same clothes hamper with the victim's clothing. Accordingly, Vang concludes that his sperm and semen were transferred from the mother's clothing to that of the victim. In his third assignment of error, Vang argues that his counsel was not competent because his counsel failed to call the victim's mother as a defense witness and did not ask that an interpreter be present during the trial.
 {¶ 7} A trial court's decision to grant or deny a PCR petition will not be disturbed absent an abuse of discretion. State v. Glynn, 9th Dist. No. 02CA0090-M, 2003-Ohio-1799, at ¶ 4. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. *Page 4 
 {¶ 8} The statue governing a PCR petition permits:
 "[a]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution * * * [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(a).
The defendant must file the PCR petition "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" R.C. 2953.21(A)(2). In this case, Vang's trial transcript was filed June 6, 2006. Thus, his PCR petition filed on July 7, 2008, was untimely under the statute.
 {¶ 9} This court lacks jurisdiction to hear an untimely PCR petition unless Vang satisfies the elements of R.C. 2953.23. State v.Hensley, 9th Dist. No. 03CA008293, 2003-Ohio-6457, at ¶ 7. R.C. 2953.23(A) requires that:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 "(1) Both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right [and]
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 10} We are not persuaded by Vang's attempts to argue that his alleged "minimal understanding of the English language" and "his complete lack of understanding of the legal *Page 5 
process" unavoidably prevented him from the timely discovery of facts essential for post conviction relief. See R.C. 2953.23(A)(1)(a).
 {¶ 11} Despite these assertions, the record reveals that Vang, though not a citizen, has lived in the United States since 1980, when he was 11 years old. Vang testified that he graduated from high school in Wisconsin and has been employed as a long distance truck driver since that point. Vang also testified that he had been divorced, but has remarried and has children. The trial transcript reveals that Vang was able to understand and respond appropriately to the questions posed to him at trial. Additionally, our review of Vang's testimony does not reveal that he had any type of language barrier, that he needed the assistance of a translator, or that he requested that questions be rephrased or repeated in order to testify at trial.
 {¶ 12} Furthermore, we do not agree that Vang's affidavit provides him with substantive grounds for relief or proffers any evidence that could not have been set forth in a timely PCR petition. In fact, many of his assigned errors are based on facts that were known to and actionable by Vang at the close of his trial, including the facts that an interpreter was not utilized and the victim's mother did not testify.
 {¶ 13} Moreover, we note that Vang testified only to the fact that he had consensual sex with the victim's mother that night; he never testified to the theory he now advances — that his sperm and semen were transferred from the mother's clothing to the victim's clothing while in the clothes hamper. We reject Vang's attempt to claim that he was unavoidably prevented from discovery of facts to support this newly asserted theory, as any facts to support this claim certainly would have been known to Vang at the time of trial.
 {¶ 14} Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding that Vang failed to satisfy the elements of R.C. 2953.23(A). See Glynn *Page 6 
at ¶ 8. Consequently, the trial court was without jurisdiction to consider Vang's petition and properly denied it. Id. Accordingly, Vang's assignments of error lack merit.
 III {¶ 15} Vang's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 MOORE, P. J. DICKINSON, J. CONCUR. *Page 1